UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW MEXICO

In re:
ESTEBAN ANGEL AGUILAR
and DENA DENISE ROBINSON,
      Debtors.       Case No. 7-08-13642 SA

RUBEN SANDLER
and AARON COHEN,
      Plaintiffs,

v.

ESTEBAN ANGEL AGUILAR
and DENA DENISE ROBINSON,
      Defendants.       Adversary No. 08-1144 S

**MEMORANDUM OPINION ON DEFENDANT DENA ROBINSON'S
MOTION FOR JUDGMENT ON THE PLEADINGS**

     This matter is before the Court on Defendant Dena Robinson's Motion for Judgment on the Pleadings (Doc. 5) ("Motion") filed December 9, 2008. Plaintiffs did not respond. The Court has reviewed the Motion and the applicable law and finds that the Motion is well taken and should be granted. This is a core proceeding. 28 U.S.C. § 157(b)(2)(I).

     For the purposes of this Motion only, the Court took as true all allegations in the complaint and deemed admissible all exhibits on file. The complaint contains the following allegations:

> ...
> 3. Defendant, Esteban (Steve) Angel Aguilar, Sr. is an attorney licensed to practice law in the state of New Mexico who resides in Albuquerque, Bernalillo County, State of New Mexico. Steve Aguilar is the principal and owner of a professional corporation, Aguilar law Offices, P.C., through which he conducts his law practice. Defendant Dena Denise Robinson is the spouse of Steven Aguilar. At all material times relevant to this proceeding Defendant Steve Aguilar

> was acting on behalf of the marital community. The debt
> alleged herein is a community debt.
> ...
> 14. Defendant Steve Aguilar unlawfully converted to himself
> or his corporation, and to his clients money belonging to
> Plaintiffs and delivered to Defendant solely for investment
> in Fuel Reduction Associates.
> ...
> 24. Defendant Steve Aguilar had a fiduciary duty to
> safeguard money it [sic] received on behalf of a client or
> from a client.
> ...
> 28. Defendant Steve Aguilar willfully intended to convert
> and misappropriate Plaintiff's funds to his own use or the
> use of his clients.

and prays for the following relief:

> WHEREFORE Plaintiffs request the Order of this Court
> determining that defendant Steve Aguilar is indebted to
> plaintiffs in the amount of $75,000, that such debt is
> a community debt, and that such debt is not
> dischargeable in this bankruptcy proceeding by reason
> of Defendant's larceny, embezzlement, defalcation while
> action as a fiduciary, and/or willful and malicious
> injury to the property of the Plaintiffs.

There are no allegations that defendant Dena Robinson committed any of the bad acts alleged in the complaint. Plaintiffs' only theory of her liability is that the debt is a community debt. A review of the cases shows that marriage alone is not a basis to declare a debt dischargeable as to an innocent spouse[1]. For example, Judge McFeeley granted summary judgment to an innocent spouse in <u>Markey v. Sanchez (In re Sanchez)</u>, Memorandum Opinion, Adv. No. 03-1222 M (Bankr. D. N.M. August 3,

---

[1] The term "innocent spouse" in this opinion will mean a spouse that did not personally participate in the creation of the community debt in question.

Case 08-01144-s    Doc 10    Filed 01/20/09    Entered 01/20/09 11:03:29 Page 2 of 5

2004). "Plaintiff's cause of action is necessarily based on a theory of imputed liability based on the alleged wrongdoing of [Debtor's non-filing spouse]." Id. at 4. "Courts have uniformly held that fraud cannot be imputed to a spouse based solely on the marital relationship." Id. at 4-6 (collecting cases.)

Similarly, in Wilson v. Bursh (In re Bursh) the Court granted the defendant's motion for summary judgment, stating:

> Plaintiff's assertion that the marital community benefitted from defendant's husband's acts and therefore that the defendant should be barred from discharging the resulting debt amounts to fraud implied by law and it is the opinion of the court that such a result is not within the purview or contemplation of section 523(a). This court will not impute the fraud of the husband to the bankrupt wife on the sole argument that the state's community property law permits the assessment of punitive damages against the community property if the tort of the husband is committed in the interest of the community.

14 B.R. 702, 706 (Bankr. D. Ariz. 1981).

Plaintiffs did not allege that Dena Robinson committed any actions prohibited by 11 U.S.C. § 523(a). Therefore, the Court finds that the Motion should be granted.

But, unless Plaintiffs are seeking to collect from Dena Robinson's separate after-acquired property, the Court is not sure that it matters whether Plaintiffs obtain a judgment against her. If Plaintiffs' claim is a community claim, it would appear that under § 524(a)(3) the after-acquired community property will remain liable for Angel Aguilar's non-dischargeable debt as long as there is a community generating community property. See

Federal Deposit Ins. Corp. v. Soderling (In re Soderling), 998 F.2d 730, 734 (9th Cir. 1993)(Under California law, husband's crime was community claim and all community property will be potentially liable for the debt.); Midi Music Center, Inc. v. Smith (In re Smith), 140 B.R. 904, 909 (Bankr. D. N.M. 1992) ("Once the Court has determined that only one spouse has committed acts which make the debts nondischargeable, the community property is liable.  Only the separate property of the innocent spouse will not be available to satisfy creditors."); Arcadia Farms Ltd. v. Rollinson (In re Rollinson), 332 B.R. 879, 883 (Bankr. D. Ariz. 2005):

> Normally, the discharge causes community property acquired post-petition to be free from pre-petition community claims. Code § 524(a)(3).  But, if either the community debt is excepted from discharge under § 523, or if the other spouse was denied or would be denied a discharge, the discharge does not immunize such post-petition community property from the community debt.  This happens automatically by operation of Code §§ 524(a)(3) and (b), without the necessity for any determination as to the knowledge or participation of the "innocent" spouse, so long as the debt is community debt.

See also Joann Henderson, For Better or Worse: Liability of Community Property after Bankruptcy, 29 Idaho L. Rev. 893, 898 (1992)(Both spouses must be innocent in order to gain a community discharge.)  If the parties were to divorce, however, there would be no more new community property to pay the debt.  Dena Robinson's after acquired property would then all be separate property and not liable for the debt.  Angel Aguilar's after-

acquired separate property would be liable for the debt.

The Court will enter an Order granting Dena Robinson's Motion for Judgment on the Pleadings.

/s/ James S. Starzynski

Honorable James S. Starzynski
United States Bankruptcy Judge

date filed on docket: January 20, 2009

copies to:

Michael K. Daniels
Attorney for Defendants
PO Box 1640
Albuquerque, NM 87103

Daniel J. Behles
Andrew M. Sanchez
Attorney for Plaintiffs
7770 Jefferson NE #305
Albuquerque, NM 87109